I believe it is important to also state that it is entirely appropriate for the Board of County Commissioners to consider the tax consequences upon the property and the territory to be annexed in weighing the benefits and detriments. Case law holding to the contrary, cited by appellant, construed statutory provisions which have now been altered by the Senate Bill 5 amendments to the former annexation law. The test, as explained by the majority opinion herein, is now different. Consequently, the basis and rationale of the prior decisions for not permitting Boards of Commissioners to consider the tax consequences of property annexation is no longer valid.
 {¶ 31} In the present case, there was evidence that tax rates on the property would increase, and taxes on income could be instituted, if the annexation was approved. The trial court's decision noted the testimony to this effect. Thus, even if the opposition of more than half of the landowners was disregarded as a detriment, there would still be sufficient evidence from which the commissioners could properly determine that the expected benefits from the proposed annexation did not outweigh the detriments. From either perspective, the trial court was correct in affirming the decision of the Board.